IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00591-BNB

GERALD C. CHAVEZ,

    Applicant,

v.

BRUCE LEVIN,
MAGGIE CONBOY, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

ORDER DIRECTING APPLICANT TO FILE AMENDED APPLICATION

---

    Applicant, Gerald C. Chavez, is a prisoner who currently is incarcerated at the Davis Correctional Facility in Holdenville, Oklahoma. Mr. Chavez, acting *pro se*, initiated this action by filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. He has been granted leave to proceed *in forma pauperis.*

    The Court must construe Mr. Chavez's filings liberally because he is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Chavez will be ordered to file an amended application.

    The Court has reviewed the application and finds that it is deficient. Mr. Chavez names two improper Respondents, i.e., attorneys Bruce Levin and Maggie Conboy, in the caption of the application. The law is well-established that the only proper respondent to a habeas corpus action is the applicant's custodian. *See* 28 U.S.C.

§ 2242; Rules 2(a) and 1(b), Rules Governing Section 2254 Cases in the United States District Courts; *Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995). Therefore, the only proper parties to this action are the warden of the facility in which Applicant is housed and the Attorney General of the State of Colorado.

In addition, Mr. Chavez's claims fail to comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure. The Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269 (1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987). Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought." Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts requires that Mr. Chavez go beyond notice pleading. *See Blackledge v. Allison*, 431 U.S. 63, 75 n.7 (1977). Naked allegations of constitutional violations devoid of factual support are not cognizable in a federal habeas action. *See Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (per curiam). In the amended application, Mr. Chavez must allege both the constitutional claims he seeks to raise and the specific facts to support each asserted claim.

Lastly, Rule 10.1 of the Local Rules of Practice for this Court requires that all

papers filed in cases in this Court be double-spaced and legible.  *See* D.C.COLO.LCivR 10.1E. and G.  The application Mr. Chavez filed is difficult to read because it is written in nearly unintelligible script.  The amended application Mr. Chavez will be directed to file, if handwritten, shall be double-spaced and written legibly, in capital and lower-case letters.  Accordingly, it is

ORDERED that Applicant, Gerald C. Chavez, file, within **thirty (30) days** from the date of this order, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 that names the proper Respondents and complies with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure and with this order.  It is

FURTHER ORDERED that Mr. Chavez shall obtain the Court-approved form for filing an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Mr. Chavez fails within the time allowed to file a second amended application as directed, the amended application will be denied and the action will be dismissed without prejudice and without further notice.

DATED March 21, 2012, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge