IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00591-BNB

GERALD C. CHAVEZ,

      Applicant,

v.

SUPERINTENDENT WILKERSON, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

      Respondents.

---

## ORDER OF DISMISSAL

---

      Applicant, Gerald C. Chavez, is a prisoner residing in the Davis Correctional Facility in Holdenville, Oklahoma, under the authority of the Colorado Department of Corrections.  Mr. Chavez, acting *pro se*, initiated this action by submitting to the Court an Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 on March 8, 2012, and an Amended Application on April 27, 2012.  Mr. Chavez is challenging the validity of his conviction and sentence in Case No. 08CR2651 in the District Court for the City and County of Denver.

      The Court must construe liberally the Amended Application filed by Mr. Chavez because he is not represented by an attorney.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

**I. Background and State Court Proceedings**

Mr. Chavez was convicted by a jury of sexual assault, second degree assault, and witness tampering.  Pre-Answer Resp. at 2.  On March 19, 2009, the state court sentenced Mr. Chavez to ninety-six years for the sexual assault count, thirty-two years for the second degree assault count, and twenty-four years for the tampering count, all sentences to run consecutively.  *See* Pre-Answer Resp. at Ex. C, p. 10.

Mr. Chavez's judgment of conviction was affirmed on direct appeal.  *See People v. Chavez*, No. 09CA0938 (Colo. App. May 12, 2011) (unpublished opinion) (Pre-Answer Resp. at Ex. A).  Mr. Chavez filed a petition for certiorari review, which the Colorado Supreme Court denied on October 11, 2011.  *See* Pre-Answer Resp. at Ex. B.

On December 27, 2011, Mr. Chavez filed a motion to correct illegal sentence under Colorado Rule of Criminal Procedure 35(a).  *Id.* at Ex. A, p. 7.  On January 7, 2012, Mr. Chavez filed a motion for post-conviction relief pursuant to Colorado Rule of Criminal Procedure 35(c).  *Id.*  On February 14, 2012, the state court issued an order denying both post-conviction motions.  *Id.* at 6.  Mr. Chavez did not file an appeal.

Mr. Chavez initiated this action on March 8, 2012.  He filed an Amended Application on April 27, 2012.  In the Amended Application, Mr. Chavez asserts the following claims: (1) his constitutional rights were violated because the prosecutor failed to disclose exculpatory evidence; (2) his Sixth Amendment right to counsel was violated because the prosecution was permitted to add an additional charge without Applicant being advised that he had a separate right to counsel as to this charge, and his Fifth Amendment right to be free from compelled self-incrimination was violated because he was not read a *Miranda* advisement prior to testifying at his preliminary hearing; and (3)

2

his right to effective assistance of counsel was violated by the trial court's refusal to appoint advisory counsel.

On May 29, 2012, Magistrate Judge Boyd N. Boland entered an order directing Respondents to file a Pre-Answer Response and address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A) if Respondents intend to raise either or both of those defenses. After receiving an extension of time, Respondents filed a Pre-Answer Response on June 28, 2012. Mr. Chavez submitted a Reply on July 9, 2012.

In the Pre-Answer Response, Respondents concede that Mr. Chavez's Amended Application is timely. However, Respondents argue that Mr. Chavez's claims are unexhausted in the state courts and are now procedurally defaulted.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

The "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*,

3

404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir.

1989).  Although fair presentation does not require a habeas corpus petitioner to cite

"book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation

marks omitted), "[i]t is not enough that all the facts necessary to support the federal

claim were before the state courts," *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per

curiam).  A claim must be presented as a federal constitutional claim in the state court

proceedings in order to be exhausted.  *See Duncan v. Henry*, 513 U.S. 364, 365-66

(1995) (per curiam).

"The exhaustion requirement is not one to be overlooked lightly."  *Hernandez v.*

*Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995).  A state prisoner bringing a federal

habeas corpus action bears the burden of showing that he has exhausted all available

state remedies.  *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

A federal court is strictly limited in considering issues on habeas review when a

state court has deemed the issue procedurally barred.  *See Hammon v. Ward*, 466 F.3d

919, 925 (10th Cir. 2006).  A claim is precluded from federal habeas review when it has

been defaulted in state court on an independent and adequate state procedural ground.

*Steele v. Young*, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted).  "A state

procedural ground is independent if it relies on state law, rather than federal law, as the

basis for the decision . . . .  For the state ground to be adequate, it must be strictly or

regularly followed and applied evenhandedly to all similar claims."  *See Hickman v.*

*Spears*, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations

omitted).  "A state court remains free under [*Michigan v. Long*, 463 U.S. 1032 (1983)] to

rely on a state procedural bar and thereby to foreclose federal habeas review to the

extent permitted by [*Wainwright v. Sykes*, 433 U.S. 72 (1977)]." *See Harris v. Reed*, 489 U.S. 255, 264 (1989).

The only claim that Mr. Chavez raised on direct appeal was that he was denied due process because the trial court failed to *sua sponte* order a competency evaluation. *See* Pre-Answer Resp. at Ex. D, p. 5.  Therefore, Mr. Chavez did not raise on direct appeal any of the claims that he currently asserts in this action.  *See id.*

In the Rule 35(c) motion filed on February 14, 2012, Mr. Chavez raised claims that the prosecutor failed to provide him with exculpatory evidence, that his *Miranda* rights were violated because he was not advised that he had a right to counsel on the witness tampering charge, and that he should have been appointed advisory counsel. *See Reply* at Ex. A.  These claims correspond, in part, to the claims that Mr. Chavez raises in this action.  However, Mr. Chavez failed to file an appeal of the trial court's order, and therefore, he failed to invoke Colorado's established review process.  The time to appeal has now expired, because Mr. Chavez was required to file an appeal within forty-five days of entry of judgment or final order.  *See*. Colo. App. R. 4(b).

Moreover, with limited exceptions that are not applicable to these claims, the Colorado Rules of Criminal Procedure bar Mr. Chavez from raising a claim in a post-conviction motion that was already raised on post-conviction appeal.  *See* Colo. R. Crim. P. 35(c)(3)(VI) ("The court shall deny any claim that was raised and resolved in a prior appeal or postconviction proceeding on behalf of the same defendant"); Colo. R. Crim. P. 35(c)(3)(VII) ("The court shall deny any claim that could have been presented in an appeal previously brought or postconviction proceeding previously brought"); *see also People v. Bastardo*, 646 P.2d 382, 383 (Colo. 1982) (stating that post-conviction

review is not available to address under a recently contrived constitutional theory issues that were raised previously).  Therefore, the Court finds that Mr. Chavez has failed to exhaust his claims in the state court, and these claims are now procedurally defaulted.

As a general rule, federal courts "do not review issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the default is excused through a showing of cause and actual prejudice or a fundamental miscarriage of justice." *Fairchild v. Workman*, 579 F.3d 1134, 1141 (10th Cir. 2009) (citing *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) *cert. denied* 130 S. Ct. 238 (2009)); *see also Jackson v. Shanks*, 143 F.3d 1313, 1317 (10th Cir. 1998). Application of this procedural default rule in the habeas corpus context is based on comity and federalism concerns.  *See Coleman v. Thompson*, 501 U.S. 722, 730 (1991).  Mr. Chavez's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.  *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

To demonstrate cause for his procedural default, Mr. Chavez must show that some objective factor external to the defense impeded his ability to comply with the state's procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  "Objective factors that constitute cause include interference by officials that makes compliance with the State's procedural rule impracticable, and a showing that the factual or legal basis for a claim was not reasonably available to [applicant]." *McCleskey v. Zant*, 499 U.S. 467, 493-94 (1991) (internal quotation marks omitted).

Mr. Chavez has failed to show cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider his

claims will result in a fundamental miscarriage of justice.  As a result, Mr. Chavez's claims are procedurally barred from federal habeas review and this action will be dismissed.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  If Applicant files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Application is denied and the action is dismissed because Applicant's claims are procedurally barred.  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied with leave to re-file in the Tenth Circuit.  It is

FURTHER ORDERED that all pending motions are denied as moot.

DATED at Denver, Colorado, this   3rd   day of _____August_____, 2012.

BY THE COURT:


____s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court